**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

ALEJANDRO FLORES JAUREGUI (A-No. 249-416-016),

Petitioner,

v.

ANDREWS, et al.,

Respondents.

Case No. 1:26-cv-05178-JLT-EPG

ORDER GRANTING IN PART THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND DIRECTING RESPONDENTS TO PROVIDE SUBSTANTIVE BOND HEARING
(Docs. 1, 3, 4)

## I. INTRODUCTION

Before the Court is Alejandro Flores Jauregui's request for a temporary restraining order (Doc. 3), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), a legal position that this Court has rejected repeatedly. (Doc. 9 at 1, 3.) For the reasons set forth below the Court, **GRANTS IN PART** the habeas petition.[1]

///

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 7.) Respondents do not request a hearing or further briefing and instead ask this Court to deny the habeas petition. (Doc. 9.) As such, considering Respondents had notice and opportunity to respond, the Court decides this case on the underlying petition.

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. FACTUAL BACKGROUND

Petitioner is a citizen of Mexico who entered the United States in April 2024, where he was encountered and apprehended by U.S. Border Patrol. (Doc. 9-1 at 1, 2.) Petitioner was initially placed in expedited removal, but after obtaining a positive credible fear determination, he was placed in standard removal proceedings and released on an Order of Recognizance. (*Id*. at 2.) On May 8, 2024, DHS subsequently issued a Notice to Appear charging Petitioner as removable under INA §§ 212(a)(6)(A)(i), (a)(7)(A)(i)(I). (Doc. 9-1 at 7.) Petitioner is not currently subject to a final order of removal. (*Id*. at 2); *see also* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited July 14, 2026). Petitioner has no known criminal history. (Doc. 9-1 at 3.)

On June 27, 2026, Petitioner was arrested by ICE after he appeared at the Sacramento Enforcement and Removal Operations office for a scheduled appointment. (Doc. 9-1 at 2.) ICE officers sought to detain him "after numerous violations of his Alternative to Detention (ATD) supervision program." (*Id*.) Specifically, the I-213 lists at least twenty-three documented violations, including various missed biometric check-ins and missed tracker callbacks. (*Id*. at 2–3.) Petitioner indicates that some of these violations were, in part, due to his malfunctioning ankle monitor device. (Doc. 1 at 5.) Petitioner is currently detained at Golden State Annex Detention Facility in McFarland, California. (Doc. 1 at 2.)

## IV. DISCUSSION

The government filed an opposition to the habeas petition, arguing that Petitioner's

detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b). (Doc. 9 at 1.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner without a bond hearing. (*Id.*) Respondents make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Accordingly, Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

However, that is not the end of the inquiry. Respondents further argue that Petitioner's multiple violations of his conditions of release justified Petitioner's re-detention without a pre-deprivation hearing. (Doc. 9 at 2.) Because the record reflects at least twenty-three documented violations, including various missed biometric check-ins and missed tracker callbacks, (Doc. 9-1 at 2–3), the Court finds that the appropriate remedy here is a bond hearing where the government bears the burden of proving that Petitioner now poses a danger to the community or flight risk.

For the foregoing reasons, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**.
2. The motion for temporary restraining order (Doc. 3) is **DENIED** as **MOOT**.
3. The motion for appointment of counsel (Doc. 4) is **DENIED**.[2]
4. **Within 14 days** of the date of service of this order, unless Petitioner consents to a

---

[2] Petitioner asks this Court to appoint counsel in his habeas action. (Doc. 4.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." Because the Court **GRANTS** the habeas petition in part and orders a substantive bond hearing, the interests of justice do not require appointment of counsel.

later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

5. At least 72 hours before the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

6. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California with a copy of this Order.

7. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _July 14, 2026_

[signature]
UNITED STATES DISTRICT JUDGE